```
            UNITED STATES DISTRICT COURT
            NORTHERN DISTRICT OF FLORIDA
               PANAMA CITY DIVISION
```

**UNITED STATES OF AMERICA**,

       Plaintiff,

                       District Court Docket No.:
                       5:10-cr-00039-RS-LB-5

   vs

**PASQUAL MONTOR-TORRES,**

       Defendant,

_____/

Sentencing Proceedings in the above-styled cause before the Honorable **RICHARD SMOAK**, District Court Judge, on the 10th day of November, 2010, at the United States District Court, 30 West Government Street, Panama City, Florida, reported by Robin White Wierzbicki, FAPR, FPR, Registered Professional Reporter.

1                          **APPEARANCES**

2  **FOR THE PLAINTIFF:**        **GAYLE LITTLETON, ESQUIRE**
                                Assistant United States Attorney
3                               30 West Government Street
                                Panama City, Florida 32401
4
   **FOR THE DEFENDANT:**        **CLIFFORD L. DAVIS, ESQUIRE**
5                               Law Office of Clifford L. Davis
                                690 East Pearl Street
6                               Post Office Box 1057
                                Monticello, Florida 32345
7  _____

8                       **INDEX OF PROCEEDINGS**

9  Objections to Presentence Investigation Report
        By Mr. Davis                                            4
10

11 SENTENCING BY THE COURT                                      8

12 CERTIFICATE OF REPORTER                                     12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1                    P R O C E E D I N G S
 2                      ***    ***    ***
 3            THE COURT:  Are we ready to proceed now in the
 4      sentencing in the United States versus Pasqual
 5      Montor-Torres?
 6            MS. LITTLETON:  Yes, Your Honor.
 7            THE COURT:  If you all will state your
 8      appearances.
 9            MS. LITTLETON:  Gayle Littleton on behalf of the
10      United States.
11            MR. DAVIS:  Clifford Davis on behalf of the
12      defendant.
13            THE COURT:  Mr. Montor, the way we will conduct
14      the sentencing hearing today is that I will first hear
15      from your attorney, Mr. Davis, about his review of the
16      Presentence Investigation Report, and hear if he has
17      any objections to the report.  I will then hear from
18      the U.S. Attorney and hear if the Government has
19      objections.  If either side has objections, we will
20      resolve those objections first.
21            Do you have any questions before we move along?
22            THE DEFENDANT:  No, sir.
23            THE COURT:  All right.  The Court Clerk is going
24      to swear you under oath at this time.
25            THE CLERK:  Please raise your right hand.  Do you
```

1  solemnly swear or affirm in the cause now pending will
2  be the truth, the whole truth and nothing but the truth
3  so help you God?
4          THE DEFENDANT:  Yes.
5          THE COURT:  Mr. Davis, have you had sufficient
6  time to review the Presentence Investigation Report
7  with Mr. Montor?
8          MR. DAVIS:  Yes, sir.
9          THE COURT:  Do you have objections?
10         MR. DAVIS:  Yes, sir.  As stated in writing
11 previously, Judge, as far as our objections, there are
12 two issues that we have raised.  One issue has to do
13 with the criminal responsibility with respect to weight
14 for my client, and I understand that that was
15 foreclosed by the verdict of the jury, but we would
16 like to formalize that objection for sentencing
17 purposes, just for the purpose of the record.
18         And that is, that our evaluation of the testimony
19 at trial, as stated in our Rule 29 Motion and closing
20 argument, that he was not involved in a broader
21 conspiracy, but only the conspiracy for less than
22 3.5 kilos.  That issue was aired during the course of
23 trial and we don't have any further evidence other than
24 to make that argument for this record.
25         As far as culpability, we do think that you

1 should consider placing Mr. Montor-Torres' sentence in
2 the lower end of the guideline range for this reason.
3 This was a conspiracy that spans 13 months as of the
4 last indictment in March or April of 2009 until May of
5 2010.  And during that entire time there was a
6 confidential informant that was actively involved in
7 the transactions that took place.  While that informant
8 was not called to testify, there's no indication that
9 he knew or met my client.

10      And from companion cases that have been before
11 Your Honor for sentencing, I'm sure you recall that
12 part of the purpose of the conspiracy was to obtain
13 machine guns, bullet proof vests, hand grenades, and
14 there's a lot of other things.  Part of the conspiracy
15 has to do with the methamphetamine.  There was no
16 indication and the fact the government didn't
17 acknowledge in their response, there was no indication
18 he was involved in any of that activity.

19      More importantly, while I think the activity that
20 was imputed to him did not reach the level that or was
21 of such a level that we couldn't in good faith ask that
22 you consider a downward departure based on role, for
23 either minimal or minor involvement, we do think that
24 his involvement was limited to a few days' span in May
25 of 2010.

1            If you recall the testimony, there was
2     surveillance.  There was the monitored activity
3     involving the confidential informant and I assume other
4     buys, there was telephone interception, and it was only
5     during that two-day period that anybody ever identified
6     my client as doing anything.  In fact, none of the
7     agents recognized him.  Even the codefendant who went
8     to trial with him who was involved in that portion of
9     the conspiracy did not know him, didn't recognize him,
10    couldn't identify him.
11           The point that I am making, his involvement was
12    of such a limited nature, while not minimal or minor,
13    that you should consider placing him in the low end of
14    the guideline range.
15           THE COURT:  Ms. Littleton, does the government
16    have any objections to the Presentence Report?
17           MS. LITTLETON:  We do not.
18           THE COURT:  As I read your objections, Mr. Davis,
19    they deal with matters that were part of the jury's
20    findings rather than anything probation services has
21    concluded otherwise in the report.
22           MR. DAVIS:  Yes, sir, that's correct.
23           THE COURT:  Mr. Montor, would you like to say
24    anything in your behalf now?
25           THE DEFENDANT:  (Through Interpreter) No, I don't

1           have nothing to say.

2                THE COURT:  Okay.  Ms. Davis, do you have

3           anything further to say about sentencing?

4                MR. DAVIS:  Judge, I would like to consider the

5           limited education and the impoverished background of my

6           client.  And two other factors that came to our

7           attention during the trial.  He had an injury that was

8           referred to in some of the testimony involving some

9           medical records that were found at his home after his

10          arrest.  Marshal Miller has been working with the Bay

11          County and seeking medical treatment.  It is pretty

12          obvious that -- or he told me that it was obvious that

13          it was going to require surgery.  And we just request

14          that you recommend that he be placed in a facility in

15          Texas, and I think Big Spring is the one that I have in

16          mind that has the medical treatment capability.  And

17          that if he qualifies for the drug treatment program

18          that you recommend that be done.

19               THE COURT:  What generally is the nature of his

20          condition that requires treatment?

21               MR. DAVIS:  He had a knee injury of some sort and

22          he had received some treatment in -- up in Alabama, in

23          Dothan.  He was doing some physical therapy and the

24          nature of the injury was such that at some point he had

25          to have either more surgery or corrective surgery

1          because of the earlier injury that he had.

2                  THE COURT:  Ms. Littleton, any comments about

3          sentencing?

4                  MS. LITTLETON:  No, Your Honor.

5                  THE COURT:  Anybody have anything further before

6          I pronounce sentence?

7                  MS. LITTLETON:  No, Judge.

8                  MR. DAVIS:  No, sir.

9                  THE COURT:  I have previously adjudicated

10         defendant Pasqual Montor-Torres guilty as charged in

11         Count 6 of the Indictment in accordance with the jury's

12         verdict.  I find that the Presentence Investigation

13         Report is now accurate and order the findings of that

14         report to be incorporated into the following sentence.

15                 Pursuant to the Sentencing Reform Act of 1984 as

16         amended, it is the judgment of the Court that Pasqual

17         Montor-Torres is hereby committed to the custody of the

18         Bureau of Prisons to be imprisoned for a term of 136

19         months.  This sentence is imposed at the midpoint of

20         the guideline range because there are no aggravating or

21         mitigating factors which have not already been

22         considered.

23                 Upon review of all factors properly considered,

24         under 18 U.S. Code Section 3553(a), and taking into

25         account the advisory nature of the sentencing

1   guidelines, I conclude that this sentence which is
2   within the guideline range, is appropriate.  This
3   sentence is sufficient, a lower sentence would not be
4   sufficient, and a greater sentence is not necessary to
5   comply with the statutorily defined purposes of
6   sentencing.

7           In making this sentencing decision, I consulted
8   the Sentencing Guidelines, and calculated the advisory
9   range to be 121 to 151 months.  This is based upon a
10  base offense level of 32.  There is no adjustment for
11  acceptance of responsibility resulting in a total
12  offense level of 32.  The Criminal History Category is
13  1.

14          I then determined whether, pursuant to the
15  Sentencing Policy -- Sentencing Commissions Policy
16  Statements, if any departures or variances from the
17  advisory guideline range were clearly appropriate.  In
18  this case, a departure from the sentencing guideline
19  range is not warranted.

20          I find that Mr. Montor lacks the ability to pay a
21  fine in any amount.  Imposition of a fine is waived.
22  However, it is ordered that Mr. Montor shall pay a
23  special monetary assessment of $100 as to Count 6 as
24  required by law.  This special monetary assessment is
25  due immediately.

1             Upon release from prison, Mr. Montor shall be
2     placed on supervised release for a term of 5 years.
3     While under supervised release, he shall comply with
4     the standard conditions of supervision adopted by the
5     Northern District of Florida and the following special
6     conditions:  He shall not own or possess, either
7     directly or constructively, a firearm, ammunition,
8     dangerous weapon or destructive device.  He shall
9     provide his probation officer all requested business
10    and personal financial information.  He shall cooperate
11    with the probation officer and the Department of
12    Homeland Security about his immigration status, and
13    shall abide by all orders or instructions of the
14    Department of Homeland Security.  If he is deported,
15    Mr. Montor shall not reenter the United States without
16    the permission of the Department of Homeland Security.
17            A total sentence 136 months imprisonment, 5 years
18    supervised release, and $100 special monetary
19    assessment.
20            Counsel, are there any objections to either my
21    ultimate finding of fact or conclusions of law about
22    this sentence?
23            MR. DAVIS:  No, Your Honor.
24            MS. LITTLETON:  No Your Honor.
25            THE COURT:  Are there any objections to the

1     manner in which I pronounced sentence?
2          MR. DAVIS:  No, Your Honor.
3          MS. LITTLETON:  No, Your Honor.
4          THE COURT:  Mr. Montor, you are advised that you
5     have the right to appeal this sentence and your
6     conviction.  If you are unable to afford the cost of an
7     appeal, you may apply for leave to appeal *in forma*
8     *pauperis*.  Notice of Appeal must be filed within 14
9     days.  And if you request, the Court Clerk will
10    immediately file a Notice of Appeal on your behalf.
11         As Mr. Davis requested, I will recommend to the
12    Bureau of Prisons consistent with its criteria, that
13    Mr. Montor be placed in a facility where his medical
14    problems can be addressed, which I understand are
15    probably orthopaedic in nature?
16         MR. DAVIS:  Yes, sir.
17         THE COURT:  And he be placed in a facility as
18    close as practicable to?
19         MR. DAVIS:  Mexico.
20         THE COURT:  Mexico.  Do we have anything further?
21         MS. LITTLETON:  No, Your Honor.
22         MR. DAVIS:  No, Judge.
23         THE COURT:  That will conclude this.  Thank you
24    all.
25         *(The hearing was concluded at 11:45 a.m.)*

**CERTIFICATE OF REPORTER**

STATE OF FLORIDA  )

COUNTY OF BAY    )

    I, Robin White Wierzbicki, Registered Professional Reporter, certify that I was authorized to and did stenographically report the foregoing hearing; and that the transcript is a true record of the proceedings.

    I further certify that I am not a relative, employee, attorney, or counsel of any of the parties, nor am I a relative or employee of any of the parties' attorney or counsel connected with the action, nor am I financially interested in this action.

_____
ROBIN WHITE WIERZBICKI, FAPR
Registered Professional Reporter