IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION


THE UNITED STATES OF AMERICA,           )
                                        )   **5:10CR39/RS**
                    Plaintiff,          )   **OCTOBER 27, 2010**
vs.                                     )   **9:54 A.M.**
                                        )   **PANAMA CITY, FLORIDA**
MARTIN RAMIREZ-RODRIGUEZ,               )
                                        )
                    Defendant.          )
_____)


TRANSCRIPT OF SENTENCING HEARING
BEFORE THE HONORABLE RICHARD SMOAK
UNITED STATES DISTRICT JUDGE
(Pages 1 - 10)


APPEARANCES:

FOR THE GOVERNMENT:        PAMELA C. MARSH
                           United States Attorney
                           BY:  GAYLE E. LITTLETON
                           Assistant U.S. Attorney
                           1001 East Business Highway 98
                           2nd Floor
                           Panama City, Florida 32401


FOR THE DEFENDANT:         DUSTIN STEPHENSON
                           Attorney at Law
                           1156 Jenks Avenue
                           Panama City, Florida 32401

1          PROCEEDINGS

2          **THE COURT:**  All right, are we ready to proceed in the

3   United States vs. Martin Ramirez-Rodriguez?

4          **MS. LITTLETON:**  Yes, sir, Judge.

5          **MR. STEPHENSON:**  We are.

6          **THE COURT:**  State your appearances, please.

7          **MS. LITTLETON:**  Good morning, Your Honor.  Gayle

8   Littleton on behalf of the United States.

9          **MR. STEPHENSON:**  Dustin Stephenson on behalf of the

10  defendant.

11         **THE COURT:**  Mr. Ramirez, the way we will conduct the

12  sentencing is that I will first hear from your lawyer about his

13  review of the presentence investigation report and determine if

14  he has any objections to the report.

15         I will then hear from the U. S. Attorney and determine

16  if the government has objections to the report.  If there are

17  any objections, we will resolve those objections now.  I will

18  then give you an opportunity to speak if you choose.

19         You are not required to say anything, but you have the

20  right to speak in your own behalf before you are sentenced.

21  And if you have something you would like to say, I will listen.

22         I will then hear from your attorney about an

23  appropriate sentence and then I will hear from the

24  U. S. Attorney.

25         Do you have any questions before we move on?

1              THE DEFENDANT:  No.

2              THE COURT:  The court clerk is going to swear you

3    under oath now.

4              DEPUTY CLERK:  Please raise your right hand.

5         (Defendant duly sworn.)

6              THE DEFENDANT:  Si.

7              THE COURT:  Mr. Stephenson, have you had sufficient

8    time to review the presentence investigation report with

9    Mr. Ramirez?

10             MR. STEPHENSON:  I have, Judge.

11             THE COURT:  Do you have objections?

12             MR. STEPHENSON:  There are no legal objections.

13   There's a small comment I'll make about it that I don't think

14   it affects the sentence but he wanted me to pass it along to

15   the Court.

16             THE COURT:  We'll do that at the next stop.

17             MR. STEPHENSON:  Okay.

18             THE COURT:  Does the government have objections?

19             MS. LITTLETON:  No, Your Honor.

20             THE COURT:  Mr. Ramirez, would you like to say

21   something now?

22             THE DEFENDANT:  No, practically nothing, to give him

23   the sentence that if he's guilty -- if he's guilty he's here

24   and he cannot do anything.

25             THE COURT:  All right, Mr. Stephenson, any comments

1    about the sentence?

2            **MR. STEPHENSON:**  Judge, a couple of things.  If you'll

3    remember back at the time he entered his plea,

4    Mr. Ramirez-Rodriguez sort of got teary and gave sort of an

5    impassioned apology to the Court for getting involved in this

6    behavior, so I would ask that you would try to refresh your

7    memory about that and try to recall that he did go through that

8    exercise at the time of the plea.

9            The comment that I had mentioned to you earlier was

10   that on page 3 of the report under one of his aliases, it lists

11   "Primo" as one of his nicknames or aliases.  He wanted me to

12   mention to you, Judge, that that was sort of used as slang, or

13   a generic term, he never really went by Primo.  Apparently that

14   means "cousin" in the Spanish language.  So I don't think it

15   makes a big distinction or difference in the confines of the

16   sentence, but he wanted me to mention that to you.

17           As far as the actual sentence goes, obviously we're

18   here on some very, very serious and significant charges.  This

19   defendant is facing a lot of time.  I would point out to you,

20   Judge, that he's got no prior record, virtually no prior

21   record, certainly in Category I of the criminal history, and

22   for his first significant criminal offenses to be as serious as

23   this is unusual.  It happens; we know it happens, but it's very

24   unusual.  And for him to be facing what amounts to a life

25   sentence right out of the gate is enormous.

1    I understand that the sentencing guidelines are only

2  advisory.  However, because of the statutory construct of the

3  30-year minimum mandatory that will follow the guideline

4  sentence, I would ask that you at least stay to the bottom of

5  the guidelines, if not go below, for Mr. Ramirez-Rodriguez.

6  Either way you structure this sentence, it will be for the

7  majority of the rest of his life, and I would ask that you take

8  that into consideration and sentence him to as low as is

9  reasonably necessary to accomplish the goals of sentencing.

10    **THE COURT:**  Does the government have any comments?

11    **MS. LITTLETON:**  Yes, Judge.  In many respects, this

12  case is very much like your standard drug case.  You have

13  narcotics moving across the border into Texas being brought by

14  couriers into this area, being sold, and then money -- sorry --

15  and then money being returned to Texas and back into Mexico.

16  But this case is far from your standard case.

17    The potential for violence related to the actions of

18  the individuals involved here, primarily Mr. Ramirez-Rodriguez

19  and Mr. Gomez-Gomez, is hard to quantify.  These individuals,

20  Mr. Ramirez-Rodriguez and Mr. Gomez-Gomez, initially wanted 800

21  fully automatic AK-47s to go from here to Mexico to assist in

22  the drug war.

23    Although the final transaction in this case was only

24  for 50 fully automatic machine guns, this was to be the first

25  of many gun transactions.  So I want to just -- certainly the

1    government is aware that the sentence here is lengthy for this

2    defendant, but there is no way for the government to get a

3    handle on the number of lives that may have been saved as a

4    result of this investigation, and what would have happened with

5    those firearms had they made their way back to Mexico.

6          So Mr. Ramirez-Rodriguez's actions here call for a

7    substantial sentence.  And I would also point out for the Court

8    that the government has given Mr. Ramirez-Rodriguez every

9    opportunity to cooperate in this case in hopes of receiving a

10   lesser sentence, and he has chosen not to do that.

11         And I have nothing further, Judge.

12         **THE COURT:**  Anybody have anything further before I

13   pronounce sentence?

14         **MR. STEPHENSON:**  I do not.  Anything further?

15         **THE DEFENDANT:**  Nothing.

16         **MR. STEPHENSON:**  Nothing further, Judge.

17         **THE COURT:**  All right, I have previously adjudicated

18   Defendant Martin Ramirez-Rodriguez guilty as charged in

19   Counts 1, 2, 6, 7 and 10 of the indictment in accordance with

20   his plea of guilty.

21         I determine that the presentence investigation report

22   is now accurate and order the findings of that report to be

23   incorporated into the following sentence:

24         Pursuant to the Sentencing Reform Act of 1984, as

25   amended, it is the judgment of the Court that Martin

1   Ramirez-Rodriguez is hereby committed to the custody of the

2   Bureau of Prisons to be imprisoned for a total term of 572

3   months.  This term consists of 60 months as to each of

4   Counts 1 and 2, 212 months as to Count 6, and 24 months as to

5   Count 10, to run concurrently with one another, and 360 months

6   as to Count 7, to run consecutively as to Counts 1, 2, 6 and

7   10.

8          This sentence is imposed in the middle of the

9   guideline range because there are no aggravating or mitigating

10  factors that have not already been considered.

11         Upon review of all factors properly considered under

12  18 U.S. Code, section 3553(a), and taking into account the

13  advisory nature of the sentencing guidelines, I conclude that

14  this sentence, which is within the guideline range, is

15  appropriate.  This sentence is sufficient.  A lower sentence

16  would not be sufficient.  A greater sentence is not necessary

17  to comply with the statutorily defined purposes of sentencing.

18         In making this sentencing decision, I have consulted

19  the sentencing guidelines and have calculated the advisory

20  range for Counts 1, 2, 6 and 10 to be 188 to 235 months.  And

21  this is based upon an offense level of 34.  There is an upward

22  adjustment of 2 for importation of methamphetamine.  There is

23  an upward adjustment of 3 for role in the offense.

24         There is a downward adjustment of 3 for acceptance of

25  responsibility, and this results in a total offense level of

1    36.   The criminal history category is I.   The advisory range

2    for Count 7 is 360 months, to run consecutively to Counts 1, 2,

3    6 and 10.

4           I then determined whether pursuant to the Sentencing

5    Commission's policy statements if any departures or variances

6    from the advisory guideline range were clearly appropriate.   In

7    this case a departure from the guideline range is not

8    warranted.

9           I find that Mr. Ramirez lacks the ability to pay a

10   fine in any amount.   Imposition of a fine is waived.

11          However, it is ordered that Mr. Ramirez shall pay a

12   special monetary assessment in the amount of $100 for each of

13   Counts 1, 2, 6, 7 and 10, for a total of $500, as required by

14   18 U. S. Code, section 3013.   The special monetary assessment

15   is due immediately.

16          Upon release from imprisonment, Mr. Ramirez shall be

17   placed on supervised release for a total term of five years.

18   This term consists of three years for Counts 1 and 2, five

19   years for Count 6 and 7, and one year for Count 10.   All counts

20   are to run concurrently with one another.

21          While on supervised release, Mr. Ramirez shall comply

22   with the standard conditions of supervision adopted by the

23   Northern District of Florida and the following special

24   conditions:

25          He shall not own or possess, directly or

constructively, a firearm, ammunition, dangerous weapon or destructive device.  He shall provide his probation officer all requested business and personal financial information.  He shall cooperate with his probation officer and the Department of Homeland Security about his immigration status, and shall abide by all orders and instructions of the Department of Homeland Security.  If he is deported, he shall not re-enter the United States without the permission of the Department of Homeland Security.

The total sentence is 572 months' imprisonment, five years' supervised release and a $500 special monetary assessment.

Counsel, are there any objections to either my ultimate findings of fact or conclusions of law about this sentence?

MR. STEPHENSON:  No, Judge, no objections.

MS. LITTLETON:  No, Your Honor.

THE COURT:  Are there any objections to the manner in which I pronounced sentence?

MS. LITTLETON:  No, Your Honor.

MR. STEPHENSON:  No, Your Honor, there are not.

THE COURT:  Mr. Ramirez, you are advised that you have the right to appeal this sentence.  If you are unable to afford the cost of an appeal, you may apply for leave to appeal informa pauperis.

1         Any notice of appeal must be filed within 14 days.  If

2    you request, the court clerk will immediately file a notice of

3    appeal on your behalf.

4         Mr. Ramirez, do you have any questions?

5        **THE DEFENDANT:**  No, Your Honor.

6        **THE COURT:**  Okay, that will conclude this hearing.

7        **MR. STEPHENSON:**  All right.

8      **(Proceedings concluded at 10:15 a.m.)**

9                **********

10        I certify that the foregoing is a correct transcript
     from the record of proceedings in the above-entitled matter.
11   Any redaction of personal data identifiers pursuant to the
     Judicial Conference Policy on Privacy are noted within the
12   transcript.

13

     **S/Lisa Girod Jones**                                **3/11/2013**
14   _____        _____
     LISA GIROD JONES, RPR, RMR, CRR                Date
15   Official Court Reporter

16

17

18

19

20

21

22

23

24

25